■ In the Matter of Sharlene Raepple, Respondent, v Philip Paonessa, Appellant. [723 NYS2d 780] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this proceeding seeking child support for the child of the parties, who was born in 1981. Family Court properly denied the objections of respondent to an order of the Hearing Examiner denying his motion to dismiss the petition. In 1988 the parties, who were never married, entered into a stipulation in Connecticut, where they were living at the time. The stipulation provided that respondent would pay child support until the child reached the age of 18, the age of majority in Connecticut. Petitioner and the child moved to Buffalo, and respondent remained in Connecticut. Respondent paid child support pursuant to the stipulation until the child reached the age of 18.

Petitioner then commenced this proceeding seeking child support for the child until he reaches the age of 21, the age of majority in New York. In moving to dismiss the petition, respondent contended that Family Court lacked subject matter jurisdiction because, pursuant to the Full Faith and Credit for Child Support Orders Act (28 USC § 1738B *et seq.*) and the Uniform Interstate Family Support Act (Family Ct Act art 5-B), a New York court may not modify a child support order issued by a court of another state as long as one of the parties continues to reside in the issuing state (*see, Matter of Reis v Zimmer,* 263 AD2d 136, 143, *order amended* 270 AD2d 968). At the time the parties entered into the stipulation in Connecticut, no child support order was entered based upon the stipulation. Thus, no child support order was issued by a Connecticut court before petitioner commenced this proceeding. Indeed, it appears from the record that it was not until February 2000, after petitioner commenced this proceeding, that respondent obtained an order from the Connecticut court incorporating the stipulation and providing for continued jurisdiction in Connecticut. Thus, because there was no prior support order of a Connecticut court, a New York court may validly entertain this proceeding as a de novo application for child support. (Appeal from Order of Erie County Family Court, Szczur, J.—Support.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.